USDC SDNY
DOCUMENT ELECTRONICALLY
FILED
DOC#: _____
DATE FILED: ___7/14/2017___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

ALDRIN HERNANDEZ-JIMENEZ,
individually and on behalf of all others
similarly situated,

                              **Plaintiff,**

                          **-against-**

WRAP-N-RUN LLC, GEORGE PAVLOUNIS
AND PETER PAVLOUNIS,

                          **Defendants.**

------------------------------------------------------------- x

**14-cv-1061 (ALC) (KNF)**

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

On February 20, 2014, Plaintiff Aldrin Hernandez-Jimenez brought this action, pursuant

to the Fair Labor Standards Act and New York Labor Law, seeking to recover, *inter alia*,

"unpaid or underpaid (1) minimum wages [and] (2) overtime compensation." On November 29,

2016, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation

recommending dismissal of Plaintiff's action under Fed. R. Civ. P. 41(b) and 16(f). Prior to the

issuance of the report, Plaintiff failed twice to file a joint pretrial order ("Pretrial Order") by the

deadlines set by Judge Fox. On November 30, 2017, Plaintiff wrote to Judge Fox stating that

Plaintiff did complete the proposed joint pretrial order before the last deadline, that a mistake in

filing must have occurred, and that both parties have been waiting for further instructions from

the Court. ECF No. 25. On December 16, 2016, Plaintiff submitted his Objections to the Report

and Recommendation. While Judge Fox fairly evaluated the situation before him, he was not

aware that Plaintiff mistakenly believed he had filed the Pretrial Order. Accordingly, the Court

rejects the Report and Recommendation.

1

## BACKGROUND

After the conclusion of fact discovery in this matter, Judge Fox directed the parties to submit on or before December 29, 2015 their pretrial order. According to the Plaintiff's Objections, Plaintiff's counsel had forwarded to Defendants' counsel Plaintiff's portion of the joint proposed order. ¶ 2. However, the parties failed to file the pretrial order in advance of the December 29 deadline. Afterwards, Judge Fox directed the parties to submit on or before May 2, 2016 their joint pretrial order and warned the parties "that failure to comply with an order of the court may result in sanctions." Order, ECF No. 23. Judge Fox noted in his R. & R. that as of the date of the report, no joint pretrial order had been filed. In his Objections, Plaintiff writes that the joint pretrial order "should have been submitted to the orders and judgments clerks . . . prior to the deadline . . . but because the Court does not have it, it seems a mistake was made." ¶ 4.

## DISCUSSION

The Court may accept, reject, or modify, in whole or part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the R. & R., the Court must make a *de novo* determination of those portions of the R. & R. to which objections are made, but may accept uncontested portions so long as those portions are not "clearly erroneous." *Id.*; *see also Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009).

As an initial matter, the district court has discretion in determining whether a plaintiff's claims should be dismissed for failure to prosecute or failure to comply with a court's order. *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995) (failure to prosecute under Fed. R. Civ. P. 41(b)); *Neufeld v. Neufeld*, 172 F.R.D. 115, 116, 118 (S.D.N.Y. 1997) (failure to comply with court order to submit portion of pretrial order under Fed. R. Civ. P. 16(f)). The Second Circuit has "repeatedly emphasized" that "dismissal is a harsh remedy to be utilized only in extreme

situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). Where the dismissal

is with prejudice, it should be used only upon a finding "of willfulness, bad faith, or reasonably

serious fault." *Mitchell v. Lyons Prof'l Servs. Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (citation

omitted). Indeed, the dismissal "must be supported by clear evidence of misconduct." *Id.*

In reviewing the correctness of a district court's dismissal of an action under Rule 41(b),

the Second Circuit considers: "(1) the duration of the plaintiff's failure to comply with the court

order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3)

whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a

balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a

fair chance to be heard, and (5) whether the judge has adequately considered a sanction less

drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, Plaintiff's conduct does not rise to the level of willfulness or bad faith. Plaintiff

explained that he believed he submitted the Pretrial Order by the deadline and was waiting on

instructions from the Court. *See* Objections to R. & R. ¶ 4. In *Neufeld*, the District Court

dismissed the action because plaintiffs did not explain why they failed to submit and file a

pretrial memorandum and joint pretrial order and also engaged in a pattern of failing to comply

with court orders. 172 F.R.D. at 116. Here, Plaintiff has provided an explanation for his failure

to file the order. Moreover, there has been one instance of Plaintiff knowingly missing a court

ordered deadline, but one instance does not constitute a pattern of willful intransigence. *Id.* at

119.

Although Plaintiff was warned that sanctions could result from the missed deadline, there

was no notice that the sanction would be dismissal. *See Minnette*, 997 F.2d at 1027 (reversing

district court's *sua sponte* dismissal of action where plaintiff did not have notice that her action

3

would be dismissed). In addition, Defendants would suffer no prejudice from the delay and may have actually contributed to it. Finally, Plaintiff promptly responded to the R. & R. a day after it was issued and submitted his Objections within the deadline, which reveals an intent to continue litigating the matter. *See Town Plaza of Poughquag, LLC. v. Hartford Ins. Co.*, 12-cv-7823 (ALC), 2016 WL 6905945, at *2 (S.D.N.Y. Oct. 3, 2016).

In reaching this conclusion, the Court notes that Judge Fox was not aware that Plaintiff mistakenly believed he had filed the Pretrial Order prior to the deadline, and thus his R. & R. fairly evaluated the situation before him. Plaintiff presented new information to the Court immediately after the Report was filed and hence a different outcome was warranted. Fortunately for Plaintiff, dismissal is not an appropriate remedy for his lack of diligence in prosecuting this action.

## CONCLUSION

For the reasons outlined above, the Report and Recommendation is rejected. The parties are directed to file their Pretrial Order anew via ECF by August 1, 2017 and follow up with Judge Fox's chambers to inquire about next steps.

**SO ORDERED.**

Dated:     July 14, 2017
           New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**